UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Richard Remis,   Civil No. 22-2306 (DWF/DJF)

    Plaintiff,

v.   MEMORANDUM OPINION AND ORDER

Trans Union LLC, and Capital One Services, LLC,

    Defendants.

## INTRODUCTION

This matter is before the Court on a Motion to Dismiss brought by Defendant Capital One Services, LLC ("Capital One") (Doc. No. 11).[1] For the reasons set forth below, the Court grants the motion.

## BACKGROUND

On July 31, 2019, Capital One filed a complaint against Plaintiff Richard Remis ("Plaintiff" or "Remis") to collect $7,200.41 Plaintiff owed on a charged-off Capital One credit card account (number 543857898198XXXX (the "Account"), plus the cost of suit, in County Court for Miami Dade County, Florida. (Doc. No. 14 ("Snyder Decl.") ¶ 2, Ex. A.) On July 5, 2022, Capital One and Remis, who was represented by counsel, entered into a Stipulation for Settlement in the Florida matter (the "Stipulation").

---

[1] Defendants assert that Capital One Bank (USA) was incorrectly sued as "Capital One Services, LLC." (Doc. No. 1 ¶ 5, Ex. D.)

(Snyder Decl. ¶ 3, Ex. B.)  Per the Stipulation, Remis admitted that he "is indebted to [Capital One] in the amount of $7,200.41, together with $350.00 for costs of this suit," and he further "agree[d] to pay $2,500.00 on or before July 28, 2022, as settlement in full" and that if he failed to do so, "a judgment shall issue for the amount remaining unpaid" of the full amount of the debt.  (*Id.*)  On July 19, 2022, the county court in Florida entered an order ratifying and approving the parties' Stipulation and dismissing the case.  (*Id.* ¶ 4, Ex. C.)

On or around August 30, 2022, Remis brought the present lawsuit in Minnesota State Court.  (Doc. No. 1-2 ("Compl.").)  Remis served the summons and complaint on Trans Union on or around September 2, 2022.  (Doc. No. 1 ¶ 1.)  Trans Union removed the lawsuit to this Court.  (*Id.*)  Trans Union also noted that as of the date of its Notice of Removal (September 22, 2022), Capital One had been served.  (*Id.* ¶ 5, Ex. D.)

Remis's Complaint alleges violations of the Fair Credit Reporting Act ("FCRA") based on allegations that Capital One inaccurately reported that the credit card debt belonged to him and then failed to reasonably investigate his dispute and correct the reporting.  Remis alleges that the Capital One credit card account with an outstanding charged off balance of $7,550.00 (the "Alleged Debt") "is not attributed to [Remis] at all" and that it actually belongs to a different individual with the same first and last name as Remis, but with a different middle name.  (Compl. ¶¶ 10-11.)  Remis alleges that Capital One did not verify the accuracy of the debt before furnishing information to Trans Union and that Capital One is inaccurately reporting the debt as his.  (*Id.* ¶ 12.)

2

Capital One now moves to dismiss all claims against it with prejudice, arguing that based on Remis's Stipulation that he owned the Alleged Debt in the Florida action, he is now estopped from asserting that Alleged Debt does not belong to him. Capital One further argues that, based on the Stipulation, Remis cannot state an actionable claim under the FCRA that Capital One reported inaccurate information.

## DISCUSSION

### I. Motion to Dismiss

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative

level." *Id*. at 555.  As the United States Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).  In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

## II.    FCRA

Remis asserts that Capital One has both willfully and negligently violated Section 1681s-2(b) of the FCRA by failing to comply with its requirements by reporting information with actual knowledge of errors and failing to investigate and correct the false information after notice that the information was false.  (*See generally* Compl.)  Under the FCRA, when a furnisher of information is given notice that a consumer disputes information (for example, when it is contacted as part of a consumer reporting agency's ("CRA") reinvestigation), it must "conduct an investigation with respect to the disputed information" and report the results to the CRA.  *See McIvor v. Credit Control Servs.*, 773 F.3d 909, 915 (8th Cir. 2014) (citing § 1681s-2(b)).  Individual consumers may sue for willful of negligent failure to comply with these requirements.  *Id*.  To prevail on a claim under section 1681s-2(b), a plaintiff must demonstrate that:  (1) he notified a CRA that it was reporting inaccurate information; (2) the CRA relayed the plaintiff's dispute to the furnisher of information (here, Capital One); and (3) the furnisher of information failed to conduct a reasonable investigation to correct its

4

reporting. *See* 15 U.S.C. § 1681s-2(b)(1); *Thulin v. EMC Mortg. Corp.*, Civ. No. 06-3514, 2007 WL 3037353, at *6 (D. Minn. Oct. 16, 2007).

As a threshold matter, a plaintiff must show that reported information is inaccurate. *See Peoples v. SunTrust Bank*, Civ. No. 17-4235, 2018 WL 7020229, at *5 (D. Minn. Apr. 18, 2018) ("[W]hen a plaintiff cannot show that the disputed debt information is inaccurate, the investigation is deemed reasonable and the plaintiff cannot prevail on a FCRA claim."). Here, Remis asserts that the Alleged Debt is not his and that Capital One inaccurately reported that it is without verifying its accuracy. More specifically, Remis alleges that Alleged Debt belongs to a different individual who has the same first and last name as Remis, but who has a different middle name.[2] Remis asserts that, in the Florida action, he maintained that he was not liable for the account and that Capital One had sued the wrong person. Remis further asserts that he directly disputed the liability prior to signing the Stipulation with Capital One and that Capital One failed to reinvestigate liability of the account. For example, Remis claims that, without the knowledge of his attorney in the Florida action and before he signed the Stipulation, he sent multiple dispute letters to Capital One, to which Remis claims Capital One responded inconsistently. Remis argues that those disputes "serve as the bedrock foundation for the case at bar" (Doc. No. 25 at 5) and acknowledges that the Capital One

---

[2] Remis argues that the complaint in the Florida action named Richard R. Remis as Defendant but served the mother of Richard A. Remis. (Doc. No. 25 at 5.) Remis, however, does not dispute that he signed the Stipulation that named "Richard R. Remis" as the Defendant.

5

line of credit at issue here stems from the debt at issue in the Florida collection action (*id*. at 4).  Finally, Remis claims that he agreed to the Stipulation because his efforts at contesting liability were not successful and he wished to avoid a judgment for the full amount.

Capital One argues that Remis is estopped from asserting that the Alleged Debt is not his, and therefore, Remis cannot plausibly allege that Capital One inaccurately reported the Alleged Debt as belonging to Remis.

Judicial estoppel prevents a person from "tak[ing] a certain position in a legal proceeding" and then "assuming a contrary position" in a later proceeding.  *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1047 (8th Cir. 2006) (citing *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)).  The rule is intended "to protect the integrity of the judicial process . . . by prohibiting parties from deliberately changing positions according to the exigencies of the moment."  *New Hampshire*, 532 U.S. at 749-50 (internal quotations and citation omitted).  When determining whether to apply judicial estoppel, the Court considers three factors:  (1) whether the party's later position is "clearly inconsistent" with a prior position; (2) whether the court in the previous case was persuaded by the party's prior position; and (3) whether "the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped."  *Id*. at 750-51.

The Court finds that all three factors are met in this case. First, in the Florida action, which involves the Account at issue here[3], Remis stipulated that he "is indebted to [Capital One] in the amount of $7,200.41, together with $350.00 for costs of the suit." Remis's position in this case (that he does not own the Alleged Debt) is clearly inconsistent with the position he took in the Florida Action. Second, the court in the Florida Action "ratified and approved" the parties' Stipulation. Third, if Remis were permitted to assert the inconsistent position that he does not own the Alleged Debt in this action, he would derive an unfair advantage. By signing the Stipulation, Remis was able to avoid paying Capital One for the full amount of the Alleged Debt and it would be unfair to allow Remis to now claim that Capital One is liable for inaccurately reporting what Remis admitted—that the Alleged Debt belongs to him. In sum, having stipulated to the fact that he owned the debt to Capital One, Remis is estopped from asserting here that he, in fact, does not own that debt.

Remis contends that Capital One cannot circumvent its obligations under the FCRA by relying on the Stipulation, which Remis also argues is ambiguous. Respectfully, Remis's arguments on the ambiguity of the Stipulation lack merit. First, Remis suggests that the Stipulation is ambiguous as to what debt Remis was agreeing to pay. Specifically, Remis asserts that the Stipulation states only that Remis "is indebted to the [Capital One] in the amount of $7,200.41 together with $350.00 for costs of this suit"

---

[3] Remis acknowledges that the Alleged Debt at issue here is the same at issue in the Florida collection action.

but does not specify the account for which the debt is owed. This suggested ambiguity, however, is directly contradicted by Remis's assertion that he disputed the debt in the Florida action and that those disputes "serve as the bedrock foundation for the case at bar." In addition, Remis notes that the Stipulation states "Richard A. Remis" and not the named Plaintiff in this case, Richard R. Remis. However, there is no dispute that Remis signed the Florida Stipulation, admitting that he in fact owned the debt.

Because Remis has admitted that the Alleged Debt belongs to him, he cannot now assert that it does not. Therefore, Remis cannot make the threshold showing that Capital One reported inaccurate information and his FCRA claims fail as a matter of law.[4]

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Capital One's Motion to Dismiss (Doc. No. [11]) is **GRANTED**.

2. Plaintiff's claims against Capital One (Doc. Nos. [1-2]) are **DISMISSED WITH PREJUDICE**.

Dated: March 27, 2023              s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge

---

[4] Remis also asserts that Capital One violated § 1681s-2(a)(8)(A). However, violations of that section are not subject to private rights of action. See, e.g., Thulin, 2007 WL 3037353, at *7 (citing *Yutesler v. Sears Roebuck & Co.,* 263 F. Supp. 2d 1209, 1210-11 (D. Minn. 2002)).